**H. Dan IZUMI; Northcon Limited Partnerships VIII, IX, X, XI, XII and XIV; David L. Bryant, Plaintiffs—Appellants,**

v.

**CONTINENTAL CASUALTY COMPANY; Highlands Insurance Company; Century Indemnity Company, Defendants—Appellees.**

No. 03–16318.

D.C. No. CV–01–00136–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided March 4, 2005.

John C. Ferry, Esq., Novato, CA, David L. Bryant, Carmichael, CA, for Plaintiffs–Appellants.

David M. Rice, Esq., Don Willenburg, Alison V. Lippa, Carroll Burdick & McDonough, LLP, Louis H. Castoria, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker, San Francisco, CA, Richard W. Wirick, Fainsbert Mase & Snyder, Los Angeles, CA, for Defendants–Appellees.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM *

We affirm the district court's summary judgment.

With respect to Century, the policy at issue is identical, in all material respects, to a policy adjudicated by the California Third Appellate District Court. Because the issues presented are identical to issues which were actually litigated and necessarily decided in a final decision on the merits to which plaintiffs were a party, the district court did not err in granting summary judgment to appellees on grounds of California collateral estoppel law. *See, e.g, Lucido v. Superior Court,* 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990).

With respect to Continental, the district court did not err in concluding that Bryant has produced no evidence to suggest that he ever tendered his claims as required by the policies. In addition, Bryant has not demonstrated that the state of Washington has an interest in having its law applied. *See Liew v. Official Receiver and Liquidator,* 685 F.2d 1192, 1196 (9th Cir.1982). We further conclude there was no constitutional violation stemming from the lack of oral argument on the choice of law issue.

Accordingly, the decision of the district court granting summary judgment to appellees is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.